UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| DAVID M. STAIN, | ) | |
| --- | --- | --- |
| Plaintiff | ) | |
| v. | ) | No. 2:11-cv-225-DBH |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| Defendant | ) | |

# REPORT AND RECOMMENDED DECISION[1]

The plaintiff in this Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal contends that the administrative law judge failed to develop the record adequately, improperly treated the opinions of two treating physicians, and wrongly relied on the opinions of state-agency physician reviewers who did not see all of the medical evidence. I recommend that the commissioner's decision be affirmed.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 415.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff was insured for purposes of SSD only through September 30, 2008, Finding 1, Record at 9; that he suffered from peripheral vascular disease and axial low back pain, impairments that were severe but,

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on March 12, 2012, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

considered separately or in combination, did not meet or medically equal the criteria of any impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 3-4, *id*. at 9-10; that he had the residual functional capacity ("RFC") to perform light work involving occasional stooping, crouching, crawling, kneeling, balancing, and involving no climbing of ladders, ropes, and scaffolds, avoiding concentrated exposure to hazards such as moving, dangerous machinery, and unprotected heights, involving no lifting of objects over 10 pounds from below waist level, and involving simple tasks on a sustained basis, Finding 5, *id*. at 10-11; that he was unable to perform any past relevant work, Finding 6, *id*. at 14; that, given his age (42 on the alleged date of onset, June 18, 2008, a younger individual), GED degree, work experience, and RFC, there were jobs existing in significant numbers in the national economy that the plaintiff could perform, Findings 7-8, 10, *id*. at 14; and that, therefore, he had not been under a disability, as that term is defined in the Social Security Act, at any time from the alleged date of onset through the date of the decision, Finding 11, *id*. at 15. The Decision Review Board selected the decision for review but failed to act within 90 days, *id*. at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. §405.420(a)(2); *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); Rodriguez v. Secretary of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

At oral argument, counsel for the plaintiff asserted, in response to a question from the court, that this appeal is intended to address both the SSD and the SSI claims. However, the plaintiff's date last insured was September 30, 2008, Record at 7, 9, and the plaintiff is, therefore, required to demonstrate the existence of disability before that date for purposes of his SSD claim. *Jones v. Astrue*, No. 1:10-cv-179-JAW, 2011 WL 1253891, at *1 n.2 (D. Me. Mar. 30, 2011). The plaintiff's itemized statement of errors mentions neither this date nor the SSD claim. At oral argument, counsel for the plaintiff asserted that the plaintiff's symptoms must have existed prior to the date last insured, because he otherwise would not have required the surgeries and other procedures that he underwent after that date. However, the failure to discuss the SSD claim at all in the plaintiff's itemized statement means that any appeal on that claim has been waived. Counsel's perfunctory response at oral argument cannot rescue the claim. *See generally Pierce v. Astrue*, No. 1:10-cv-242-JAW, 2011 WL 2678919, at *4 n.3 (D. Me. July 7, 2011).

The commissioner's denial of the SSD claim should be affirmed.

## A. Developing the Record

The plaintiff correctly points out, Plaintiff's Itemized Statement of Errors ("Itemized Statement") (Docket No. 10), that a Social Security administrative law judge has a duty to develop the administrative record. This duty exists even when, as was the case here, the claimant is represented by an attorney at the administrative hearing. *Perez v. Chater*, 77 F.3d 41, 47 (1st Cir. 1996). However, while an administrative law judge "once alerted by the record to the presence of an issue," must develop the record further on that point, *May v. Bowen*, 663 F. Supp. 388, 394 (D. Me. 1987), there must be evidence of record to raise the issue before this duty arises. *Santiago v. Secretary of Health & Human Servs.*, 944 F.2d 1, 5-6 (1st Cir. 1991). In addition, the duty is only to develop an adequate record from which a reasonable conclusion can be drawn. *Ribeiro v. Barnhart*, 149 Fed. Appx 7, *7, 2005 WL 2435233, at **1 (1st Cir. Oct. 4, 2005). Finally, the plaintiff must show that any failure to carry out this duty is unfair or prejudicial. *Faria v. Commissioner of Soc. Sec.*, 187 F.3d 621 (table), 1998 WL 1085810, at *1 (1st Cir. Oct. 2, 1998).

The plaintiff's argument does not comport with the nature of the administrative law judge's duty in this regard. He begins, "[s]pecifically, [the administrative law judge] engaged in selective and inaccurate reading and restatements of the records to support her decision." Itemized Statement at 3. If the administrative law judge in fact did so, there is no violation of her duty to develop the record. Indeed, a selective reading of the record is required of an administrative law judge where the evidence conflicts; that is precisely the administrative law judge's role.

If, as the plaintiff contends, the administrative law judge misread portions of the record, such an error might mean that her conclusions are without sufficient support in the record. It

would not mean that she failed in her duty to develop the record. The plaintiff eventually comes to the correct standard, *id*. at 5-6, after citing several instances of what he characterizes as "mis-state[ments]" of record evidence, *id*. at 3-5, but he never explains, in other than the most conclusory terms, how these alleged errors were unfair or prejudicial, nor does he attempt to show that the outcome would necessarily be different if the uncontradicted evidence that he maintains was misstated had been correctly construed. Both of these showings are necessary before a remand could be in order.

### B. Treating Source Opinions[2]

The plaintiff complains that the administrative law judge wrongly rejected the opinions of his treating physiatrist, Adam Owen, M.D., and should have given controlling weight to the opinion of Neelima Ganta, M.D. *Id*. at 7- 14. He also contends that the administrative law judge was not qualified to judge the opinions of these physicians, and that she was required to contact them "if she thought there were inconsistencies or issues that need to be addressed." *Id*. at 12-13.

The administrative law judge said the following of Dr. Owen's records and completion of a form apparently presented to him by counsel for the plaintiff:

> As for the opinion evidence, Dr[.] Adam Owen has completed forms dated January 11, 2010; May 24, 2010; and June 14, 2010 indicating the claimant should refrain from lifting and bending (Exhibit 9F, 10F, 13F). Dr. Owen has also completed a residual functional capacity questionnaire dated November 23, 2010 indicating the claimant cannot sit or stand for more than fifteen minutes; cannot lift or twist; must be allowed to alternate sitting and standing; would likely miss more than four days of work per month; and could probably not consistently complete a normal work day and work week without interruptions from physically based symptoms (Exhibit 15F). The undersigned

---

[2] The title of this subsection of the plaintiff's itemized statement also asserts that "the RFC is incomplete because it does not show that [the administrative law judge] addressed each of the basic functions of work." Itemized Statement at 7. There is no mention of this contention in the text of the subsection, however, and any such argument must therefore be considered waived.

5

> Administrative Law Judge finds these questionnaires conclusory and against the weight of the record as a whole. The conclusions reached in these questionnaires are not supported by medically acceptable signs, symptoms, and/or laboratory findings nor are they consistent with the medical evidence of record. A review of the exhibit file . . . fails to identify any subjective or objective medical findings supporting a conclusion, which limits the claimant as stated here. Furthermore, the available medical evidence of record and the claimant's activities do not support these limitations. As such, this questionnaire is accorded diminished evidentiary weight (20 C.F.R. § 416.927).
>
> As for the opinion evidence, Dr. Neelima Ganta has written a letter dated April 29, 2009 excusing the claimant from work involving bending and lift[ing] twenty pounds from a standing position but not from ground for two to three months (Exhibit 7F). Ordinarily, controlling weight is given to a treating physician[']s report commenting on the claimant's abilities (20 C.F.R. § 416.927). However, the undersigned Administrative Law Judge finds this letter conclusory and against the weight of the record as a whole. The conclusions reached in this letter are not supported by medically acceptable signs, symptoms, and/or laboratory findings. Additionally, there are minimal treatment records from this provider in the medical evidence of record. As such, while this opinion has been considered, it is not accorded controlling weight (20 C.F.R. § 416.927).

Record at 13.

The plaintiff contends that the administrative law judge's explanation of her reasons for giving diminished weight[3] to Dr. Owen's opinions "does not comply with the First Circuit's requirement, set forth in *Soto-Cedeño v. Astrue*, 380 Fed. Appx. 1, 2010 WL 2573086 (1st Cir. 2010), and in 20 C.F.R. § 404.1527(D)(2)[,] that the ALJ must always give 'good reasons' for the weight she gives a treating source opinion." Itemized Statement at 9. I disagree.

The documents cited by the administrative law judge are conclusory. Three of them are forms addressed "To whom it may concern" with the plaintiff's named typed in, a handwritten or typed date, and a check mark in a box labeled "restrictions" followed by "David should refrain from lifting and bending until further notice" and Dr. Owen's signature. Record at 440, 441,

---

[3] The administrative law judge did not, as plaintiff would have it, say that she gave "little" weight to Dr. Owen's opinions. Itemized Statement at 9.

523. These documents, standing alone, certainly would be insufficient under Social Security law to substantiate the two restrictions noted.

Contrary to the plaintiff's contention, Itemized Statement at 8-11, the form entitled "Treating Source Statement – RFC," Record at 539-43, does not resolve this problem. That document checks off the limitations Dr. Owen found to exist and lists his diagnoses and the two medications he prescribed for the plaintiff, but, as the administrative law judge pointed out, it does not report the medically acceptable signs, symptoms, and/or laboratory findings that led to the diagnoses and are required before any severe impairment leading to physical or mental limitations may be found to exist by the administrative law judge. If "this treating source form has been given controlling weight on numerous [unidentified] previous occasions by both other ALJs and by this ALJ[,]" as the plaintiff asserts, Itemized Statement at 11, perhaps there was other medical evidence in the record in those cases that made the assignment of controlling weight possible. The form itself does not appear to be sufficient under applicable regulations, even in combination with the three other forms.[4]

However, the plaintiff points to other medical evidence in the record that the administrative law judge does not mention. *Id*. at 10. Specifically, he cites pages 465, 470, 473, 501, 503, 507, 509, and 511 of the record. *Id*. Those pages of the record establish that Dr. Owen gave the plaintiff right L4-5 and L5-S1 facet joint injections on July 29 and August 5, 2009, Record at 511, 509; left L4-5 and L5-S1 facet joint injections on August 12, 2009, *id*. at 507; bilateral L3, L4, and L5 medical branch blocks on September 16, 2009, *id*. at 501; radiofrequency thermocauterization of the right L3, L4, and L5 lumbar medial branch nerves on March 24, 2010, *id*. at 470; and radiofrequency thermocauterization of the left L3, L4, and L5 lumbar medical branch nerves on May 12, 2010, *id*. at 465. The other two pages of the record

---
[4] I also note that Dr. Owen wrote on the form that he only saw the plaintiff "every several months." Record at 539.

7

cited by the plaintiff are partial records of office visits, one on September 14, 2009, where he reported to a staff member that "the injections did help but only short term," *id*. at 503, and one on February 22, 2010, where Dr. Owen records the plaintiff's report that a TENS unit did not benefit him, the plaintiff's ability to move about without difficulty, and full range of motion of the lumbar spine in all directions. *Id*. at 473.

It is not clear to me that these notes necessarily support the many limitations noted by Dr. Owen on the RFC "Statement" dated November 23, 2010, *id*. at 543, particularly when Dr. Owen was providing the plaintiff, at the time of the visits and procedures discussed above, with "to whom it may concern" letters limiting him only to refraining from lifting and bending until further notice. *Id*. at 440 (June 14, 2010) and 441 (January 11, 2010), and when he offers no citation to records that would indicate a substantial worsening of his condition between June and November 2010.

In any event, all of this evidence is dated after the plaintiff's date last insured, September 30, 2008, *id*. at 7, making it unnecessary to consider this alleged error further with respect to the SSD claim, as any error by the administrative law judge could only be harmless. With respect to the SSI claim, the administrative law judge's assertion that the available medical evidence did not support Dr. Owen's stated limitations is correct to a degree. The inconsistent evidence is discussed by the administrative law judge at pages 11-13 of the record. That discussion, along with the paragraph quoted above from the decision, is sufficient to meet the regulatory requirement upon which this portion of the plaintiff's argument concerning Dr. Owen relies.

With respect to Dr. Ganta, the plaintiff contends that the administrative law judge did not give good reasons for choosing not to give Dr. Ganta's opinions controlling weight. Itemized Statement at 11. First, it was not improper, as the plaintiff asserts, "to give any consideration to

8

the quantity of Dr. Ganta's treatment notes in assessing the doctor's opinion." *Id*. at 13. All that the First Circuit said in *Soto-Cedeño*, the authority cited by the plaintiff on this point, was that "the absence of treatment notes *alone* did not show that [a physician's] opinion was not well-supported by medically acceptable clinical and laboratory diagnostic techniques." 380 Fed. Appx. at *3 (internal quotation marks and citation omitted; emphasis added). This court has consistently cited an absence of corroborating notes in the medical record as one reason to give lesser weight to a particular provider's opinions, *see, e.g., Harvey v. Astrue*, No. 06-133-B-W, 2007 WL 2021918, at *3 (D. Me. July 11, 2007), and that is all that the administrative law judge can be said to have done in this case. In addition, it is significant that in this case, unlike *Soto-Cedeño*, the administrative law judge did not reject Dr. Ganta's opinions altogether for this reason; she merely declined to give them controlling weight. Record at 13.

In addition, the plaintiff himself admits that he only saw Dr. Ganta three times, in March and April 2009, Itemized Statement at 13 n.7, hardly enough time to establish a treatment relationship entitled to great deference. *See* 20 C.F.R. §§ 404.1527(d)(2)(i), 416.927(d)(2)(i). Even more important, and decisive, is the fact that the "opinions" which the plaintiff contends should be given controlling weight impose limitations only for discrete, short periods of time. Thus, on March 23, 2009, Dr. Ganta's "To whom it may concern" letter states that the plaintiff "is allowed to lift or push 10-20 lbs for 2 wks[,]" Record at 433, and her letter "To whom it may concern" dated April 9, 2009 states that the plaintiff "can be excused from work involving bending. He can lift 20 lbs from standing position but not from ground until[] 2 to 3 months."

9

Record at 432. Neither letter suggests any impairment lasting more than 12 months or likely to result in death, which is a basic requirement for entitlement to Social Security benefits.[5]

The plaintiff is not entitled to remand on this issue.[6]

### C. Opinions of State-Agency Physicians

Finally, the plaintiff challenges the administrative law judge's reliance on the opinions of the two state-agency physicians who reviewed the medical records and completed physical RFC forms. Itemized Statement at 14-17. He contends that administrative law judge wrongly stated that those opinions were not contradicted, as "there is an obvious and stark difference between their opinions and those of the treating doctors"; that Dr. Owen's opinions are "more detailed and address some physical functions that are not even addressed by the DDA examiners"; and that the RFC assigned to him by the administrative law judge bears "little similarity" to the RFCs of the state-agency physicians.[7]

I will address the last of these arguments first. The plaintiff specifies the differences between the RFCs assigned by the state-agency physicians and that assigned by the administrative law judge as follows: one of the two physicians "found no limitations based on a primary diagnosis of clogged leg arteries," *id.* at 15; and the administrative law judge "increased

---

[5] At oral argument, counsel for the plaintiff conceded that Dr. Ganta's letters did not demonstrate the existence of any impairments likely to last for more than 12 months and added, "I would fall back on Dr. Owen's statement." I have already discussed that statement.

[6] The factors discussed here make it unnecessary to consider the plaintiff's brief alternative argument that the administrative law judge "should have first recontacted Dr. Ganta and Dr. Owen if she thought there were inconsistencies or issues that needed to be addressed consistent with her obligation to develop the evidence." Itemized Statement at 13. As this court has held repeatedly, "[a]n administrative law judge is not required to further develop the record when a claimant is represented, unless he does not understand any of the treating physicians' records or finds gaps in those records or the records are otherwise inadequate to allow him to decide the case." *Kresge v. Astrue*, Civil No. 09-248-B-W, 2010 WL 2024968, at *6 (D. Me. May 18, 2010).

[7] The title of this subsection of the plaintiff's itemized statement states "The administrative law judge's decision to give significant weight to the opinions of the non-examining DDS physicians is unsupportable because their opinions relied on an incomplete record and the information they relied on was far more limited than that of the treating doctors." Itemized Statement at 14. The substance of this title is not addressed in the body of the subsection, and it accordingly has been waived as an issue for consideration by this court. I will address the arguments actually made in the body of the subsection.

the postural limitations, added environmental restrictions, and added a lifting limitation from below the waist[,]" as compared to the RFC of the second physician, *id*. at 15-16. All of these differences are more restrictive in the administrative law judge's opinion, and thus favor the plaintiff. As this court has repeatedly said, any such error can only be harmless. *See, e.g., Gonsalves v. Astrue*, Civil No. 09-181-B-W, 2010 WL 1935753, at *6 (D. Me. May 20, 2010) (and cases cited therein).

The plaintiff's first argument also identifies an alleged error that is harmless at most. He focuses, Itemized statement at 14, on the following passage from the administrative law judge's opinion:

> In accordance with Social Security Ruling 96-6p, the undersigned has carefully considered the State agency medical opinions of . . . Drs. Lawrence P. Johnson and Donald Trumbull (Exhibit 3F, 6F). The residual functional capacity conclusions reached by these physicians support a finding of 'not disabled.' Although those physicians were non-examining, they are accorded significant weight, particularly in the instant case, where there exist[s] consistent medical evidence to reach similar conclusions (as explained throughout this decision) and where their opinions are not contradicted.

Record at 13.

The plaintiff reads the last clause of this paragraph as a statement that the state-agency physicians' conclusions were not contradicted by anything in the record. If that is the proper reading, the statement is of course erroneous, because Dr. Owen's lengthy list of limitations could be seen as a contradiction of the "no limitations" finding by one of the state-agency physicians, and, at the least, as inconsistent with the RFC of the second state-agency physician. Of course, the clause could also be read as a qualifier, meaning "to the extent that their opinions are not contradicted."

Assuming that the plaintiff's interpretation is correct, however, there is no reversible error. I have already discussed the reasons why the administrative law judge's rejection of Dr. Owen's list of limitations is acceptable under applicable case law and regulations and why Dr. Ganta's extremely limited opinions were not entitled to controlling weight. Any error in asserting that the state-agency physicians' conclusions were not contradicted, therefore, can only be harmless.

The same is true of the plaintiff's second argument in this final subsection of his itemized statement. The plaintiff offers no authority for his necessarily-implied contention that, because Dr. Owen assigned more limitations to the plaintiff than did the state-agency physicians, the administrative law judge was required to adopt all of Dr. Owen's limitations. I have already discussed the reasons why the administrative law judge's stated reasons for rejecting parts of Dr. Owen's opinion were adequate. Nothing more is added by this particular argument.

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the district court and to appeal the district court's order.*

Dated this 28th day of March, 2012.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge